IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TUBAL-CAIN MARINE SERVICES, INC. | § § | |
| Plaintiff, | § § | C.A. NO.:_____ |
| v. | § § | IN ADMIRALTY |
| PORT ARTHUR TOWING COMPANY, *in personam*, BARGE PATCO 50, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, | § § § § § | |
| Defendants. | § § | |

## ORIGINAL VERIFIED COMPLAINT

COMES NOW Plaintiff, TUBAL-CAIN MARINE SERVICES (hereinafter "Tubal" or "Plaintiff"), by and through its undersigned counsel, as and for its Original Verified Complaint against the Defendants BARGE PATCO 50 (Primary Vessel Number: 510493), her engines, freights, apparel, appurtenances, tackle etc. *in rem* (hereinafter "PATCO 50" or "Barge") and PORT ARTHUR TOWING COMPANY, *in personam*, (hereinafter "PA Towing") (collectively "Defendants"), alleges and pleads as follows:

## JURISDICTION AND VENUE

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343 ("CIMLA"), and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the PATCO 50, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled below.

3. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) as the PATCO 50 is currently, or will be during the pendency of this action, located in this District, and a substantial portion of the repair services and materials provided by the Plaintiff to the Barge were provided in this District.

## THE PARTIES

4. At all times material hereto, Plaintiff, TUBAL-CAIN MARINE SERVICES, was a Texas corporation with a principal place of business in Port Arthur, Texas, and is authorized to do business in this State. Tubal operates a shipyard and provides vessels and barges with repairs, dry-docking, spares, supplies, and other necessaries.

5. Defendant PATCO 50 was and is a tank barge, registered in the United States, bearing Primary Vessel Number 510493, and, is now, or will be during the pendency of this action, within the Eastern District of Texas, and subject to the jurisdiction and venue of this Honorable Court. Upon information and belief, the Barge's registered owner is PORT ARTHUR TOWING COMPANY.

6. Upon information and belief, Defendant PORT ARTHUR TOWING COMPANY is a domestic corporation organized under the laws of Texas. PA Towing's registered agent, Williams F. Fredeman Jr., may be served with process and a copy of Plaintiff's Original Complaint at 3889 Main Ave., Groves, Texas, 77619.

## FACTS

7. PA Towing entered into an agreement with Tubal on or about October 23, 2016, whereby Tubal would provide repair services and materials to the tank barge PATCO 50, which was in a damaged state. PA Towing agreed through its duly authorized representatives to pay Tubal's invoices for the repair services and materials provided to the PATCO 50 by Tubal upon receipt of each such invoice. At all times material hereto PA Towing was the owner of the Barge, or acted upon the authority of the Barge owners, person entrusted with the management of the Barge at the port of supply and/or officer and/or agent appointed by the owners, and/or owner *pro hac vice*. A copy of the invoice numbered 130695 for TCMS Job #: 121414.10 for the repair services and materials provided to the PATCO 50 was issued on November 14, 2016 to PA Towing for the amount totaling USD 304,461.00. Payment of the said invoice was due upon receipt. A true and correct copy of the invoice is attached hereto as **Exhibit 1**.

8. Tubal completed the scope of work set forth in the attached Invoice to the PATCO 50, which was greed upon by the parties.

9. The said repair services and materials provided by Plaintiff to the Barge were necessary to the accomplishment of her mission; to wit: the transportation of liquid, solid, or gaseous cargoes through rivers and inland waterways.

10. The Owners of the Barge accepted her in her repaired state, and received the benefit of services and materials provided by Plaintiff, and therefore are indebted to Plaintiff and obligated to pay the value thereof.

11. Even though payment of the invoice was due upon receipt by Defendants, only partial payment, *i.e.* the amount of USD 259,461.00, has been received by PA Towing for the repair services and materials provided by Tubal to the PATCO 50. All offsets and/or credits have

been applied to this debt. A true and correct statement of account for the PATCO 50 and PA Towing is attached hereto as **Exhibit 2.**

12. In breach of the agreement, PA Towing wrongfully refused, neglected, and/or otherwise failed to timely pay the remaining amount, indisputably owed, totaling USD 45,000.00. *See* Exhibit 2.

13. The Barge received the benefit of the services provided by Plaintiff and is indebted to Plaintiff Tubal, and is obligated to pay for the aforementioned materials and services.

14. Plaintiff has performed all conditions precedent to warrant full and complete payment.

15. Accordingly, the total amount due and owing to Tubal as a result of the repair services and the materials provided to the PATCO 50 is USD 45,000.00, plus costs, recoverable fees, and interest.

16. Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* repair services and materials, under the provisions of 46 U.S.C. §§ 31341 *et seq*.

17. Tubal has a maritime lien on the PATCO 50 having provided, at the request of her Owners, necessaries, *i.e.* repair services and materials. The said lien is enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

18. Payment of all sums has been duly demanded by Plaintiff, however, to date, Defendants have neglected, failed, or otherwise refused to pay the outstanding aggregate sum of USD 45,000.00, which is indisputably due and owing for repair services, provided materials, interest, costs, and fees. A copy of the demand letter sent to Defendant PA Towing is attached hereto as **Exhibit 3.**

### ALLEGATIONS IN SUPPORT OF RULE C ARREST

19. Plaintiff repeats and re-alleges all matters alleged in the above and foregoing Original Verified Complaint, and for its further and additional admiralty *in rem* claims against PATCO 50, alleges and pleads as follows

20. As a result of the failure to pay the amounts owed to Plaintiff for the repair services and materials supplied to the Barge, Plaintiff's claim for the amount of **USD 45,000.00**, attaches as a maritime lien to the said Barge in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 et seq. with suit *in rem*.

21. Plaintiff also seeks its recoverable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at two (2) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 90,000.00**. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and recoverable fees, etc.).

22. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

### BREACH OF CONTRACT, *in personam*, AGAINST PORT ARTHUR TOWING COMPANY

23. Plaintiff repeats and re-alleges all matters alleged in the above and foregoing Original Verified Complaint.

24. Plaintiff provided repair services and materials to the PATCO 50 under an agreement with PA Towing for such provision. To date, PA Towing is obligated to pay at least USD 45,000.00, exclusive of interest, costs, and recoverable fees for these services, but has refused to make a full and final payment as agreed.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.    That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Defendant PATCO 50 (Primary Vessel Number: 510493) her engines, freights, apparel, appurtenances, tackle etc. *in rem*, including the issuance of a warrant for the arrest of the PATCO 50 (Primary Vessel Number: 510493), and that the said Barge be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.    That judgment be entered in favor of Plaintiff and against the Defendant PATCO 50, *in rem*, and Defendant PORT ARTHUR TOWING COMPANY, *in personam*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C.    That the PATCO 50 (Primary Vessel Number: 510493), her engines, freights, apparel, appurtenances, tackle etc. *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D.    That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully Submitted,

Houston, Texas  
November 3, 2017

GAITAS, KENNEDY & CHALOS, P.C.

/s/George A. Gaitas  
George A. Gaitas  
State Bar No. 24058885  
Federal Bar No.  
Jonathan M. Chalos  
State Bar No. 24097482  
*Pro Hac Vice Forthcoming*  
6250 Westpark Dr.,  
Suite 222


Houston, Texas 77057
Telephone: (281) 501-1800
Facsimile: (832) 962-8178
Email: gaitas@gkclaw.com
chalos@gkclaw.com

-and-

MOORE LANDREY, L.L.P.

Scot E. Sheldon
State Bar No. 18191560
Pannal Alan Sanders
State Bar No. 17602100
905 Orleans Street
Beaumont, TX 77701
Telephone: (409)835-3891
Facsimile: (409)835-2707
Email: ssheldon@moorelandrey.com

*Attorneys for Plaintiff*
Tubal-Cain Marine Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TUBAL-CAIN MARINE SERVICES, INC. | § | |
| | § | |
| Plaintiff, | § | C.A. NO.:_____ |
| | § | |
| v. | § | IN ADMIRALTY |
| | § | |
| PORT ARTHUR TOWING COMPANY, | § | |
| *in personam*, BARGE PATCO 50, | § | |
| her engines, freights, apparel, | § | |
| appurtenances, tackle, etc., *in rem*, | § | |
| | § | |
| Defendants. | § | |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Eddie Van Huis, declares under the penalty of perjury:

1. I am an individual of sound mind, and have never been convicted of a crime of moral turpitude.

2. I am a citizen of the United States and a resident of Texas and a lawful representative of the Plaintiff in the above action and duly authorized on its behalf to make this verification.

3. I have read the foregoing Verified Complaint and exhibits thereto in the above captioned action and know the contents thereof; and

I declare under the penalty of perjury that the foregoing is true and correct.

Signed in Port Arthur, Texas this 3rd day of November 2017

Eddie Van Huis